UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEED AHMAD,

Plaintiff,

-against-

EQUIFAX INC.; EQUIFAX INFORMATION SERVICES LLC; FIFTH THIRD BANK, N.A.; RELIN, GOLDSTEIN & CRANE LLP,

Defendants.

25-CV-6635 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, New York General Business Law § 349, and New York common law. Plaintiff also moves for preliminary and permanent injunctive relief. By order dated January 14, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**A. Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants Equifax Inc., Equifax Information Services LLC, Fifth Third Bank, N.A., and Relin, Goldstein & Crane LLP, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B. Motion for Injunctive Relief**

Plaintiff moved for preliminary and permanent injunctions against Defendants. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this stage in the proceedings, Plaintiff has not shown (1) a likelihood of success on the merits; (2) sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly in his favor; and (3) a likelihood of irreparable harm. Accordingly, Plaintiff's request for immediate injunctive relief is denied without prejudice.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The motion for injunctive relief is denied without prejudice and the Clerk of Court is directed to terminate it. (ECF No. 6, 7.)

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated: August 18, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

[2] The form is available at: https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf. If Plaintiff consents to receiving documents by email, he will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Equifax Inc.
   1550 Peach Street NW
   Atlanta, GA 30309

   c/o The Prentice-Hall Corporation System, Inc.
   80 State Street
   Albany, NY 12207

2. Equifax Information Services LLC
   1550 Peach Street NW
   Atlanta, GA 30309

   c/o Corporation Service Company
   80 State Street
   Albany, NY 12207

3. Fifth Third Bank, N.A.
   1830 East Paris Avenue SE
   Grand Rapids, MI 49546

4. Relin Goldstein & Crane LLP
   28 East Main Street, Suite 1800
   Rochester, NY 14614